**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JOHNNY LEE CRAIG**                                                                    **PETITIONER**
**ADC # 091725**

v.                                      **CASE NO.: 5:09CV00348 BD**

**RAY HOBBS, Interim Director,**[1]
**Arkansas Department of Correction**                                                   **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Petitioner Johnny Lee Craig filed this pro se petition for writ of habeas corpus (docket entry #2) under 28 U.S.C. § 2254, alleging ineffective assistance of counsel, insufficiency of the evidence, and a violation of his rights under the Confrontation Clause. Respondent filed a Response (#6) to the petition. Petitioner has not replied. For the following reasons, the petition is DENIED and DISMISSED with prejudice.

**I.     Background**

On September 19, 2005, a Jefferson County jury found Petitioner Johnny Lee Craig guilty of criminal mischief, committing a terrorist act, and two counts of aggravated assault. *Craig v. State*, No. CACR 06-17, 2007 WL 105524 (January 17, 2007). The Jefferson County Circuit Court sentenced Petitioner to an aggregate term of sixty-six years in the Arkansas Department of Correction.

---

[1] In the Petition (#2), Petitioner names Larry Norris as Respondent. Under Rule 2 of the Rules Governing § 2254 Cases in United States District Courts, the proper Respondent is the state officer who has custody of Petitioner. That officer is currently Ray Hobbs, Interim Director of the Arkansas Department of Correction. Accordingly, the Clerk is instructed to substitute Mr. Hobbs as the Respondent.

Petitioner appealed his conviction and sentence to the Arkansas Court of Appeals, which affirmed the conviction on January 17, 2007. *Id*. Petitioner did not seek discretionary review of the decision from the Supreme Court of Arkansas. Accordingly, the Arkansas Court of Appeals issued its mandate affirming Petitioner's conviction and sentence on February 6, 2007.

On March 12, 2007, Petitioner filed a timely petition for post-conviction relief in the Jefferson County Circuit Court. The Court denied the petition on February 1, 2008. Petitioner filed a timely notice of appeal, and the Supreme Court of Arkansas dismissed the appeal on October 30, 2008. *Craig v. State*, No. CR 08-500, 2008 WL 4755662 (October 30, 2008).

Petitioner filed the current petition for writ of habeas corpus on November 9, 2009, placing the application in the prison mail system on November 6, 2009. In this petition, Petitioner claims: (1) denial of his Sixth Amendment right to cross-examine Antonio Alexander; (2) ineffective assistance of counsel for his attorney's alleged failure to develop a trial defense; and (3) ineffective assistance of counsel for his attorney's alleged failure to preserve Petitioner's Sixth Amendment Confrontation Clause claim for appellate review. Respondent contends that all of Petitioner's claims are barred by the statute of limitations set forth in 28 U.S.C. § 2244(d) and are procedurally defaulted.

## II.     The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period during which a state prisoner may commence a habeas corpus proceeding under 28 U.S.C. § 2254.  The statute provides that the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

In this case, Petitioner appealed his conviction to the Arkansas Court of Appeals, which affirmed on January 17, 2007.  He did not seek discretionary review from the Arkansas Supreme Court.  Consequently, Petitioner's judgment became final when the Arkansas Court of Appeals issued its mandate on February 6, 2007.  Petitioner did not file this habeas petition until November 6, 2009.[2]  Accordingly, Petitioner's claims are barred by the one-year statute of limitations unless the statute of limitations can be tolled.

---

[2] Petitioner filed his petition on November 9, 2009.  The record shows that Petitioner placed the petition in the prison mailing system on November 6, 2009 (#2, p. 14).  Accordingly, for statute of limitations purposes, the file date is November 6, 2009.  See *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) ("a pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court"), overruled on other grounds by *Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008).

A.  *Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  A properly filed Rule 37 post-conviction petition triggers 28 U.S.C. § 2244(d)(2)'s tolling provision.  *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006).  The limitation period remains tolled while the petition is pending.  The post-conviction petition is "pending" from the date of filing until "final resolution through the State's post-conviction procedures."  *Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134, 2138 (2002).

In this case, Petitioner appealed his conviction to the Arkansas Court of Appeals, which affirmed on January 17, 2007.  Because Petitioner did not seek discretionary review from the Arkansas Supreme Court, his judgment became final when the Arkansas Court of Appeals issued its mandate on February 6, 2007.  At this point, the limitation period began to run.  See *Streu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009) (in the absence of a request for review by the state supreme court, statute of limitations begins to run when state court of appeals issues its mandate).

The limitation period ran from February 6, 2007, until March 12, 2007, when Petitioner filed a timely Rule 37 petition for post-conviction relief in the Jefferson County Circuit Court.  See *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[T]he time between the date that direct review of a conviction is completed and the date that an

application for state post-conviction relief is filed counts against the one-year period."). This time span accounts for thirty-three days of the one-year statute of limitations.

The Jefferson County Circuit Court denied the post-conviction petition on February 1, 2008, and Petitioner filed a timely notice of appeal. The limitation period remained tolled during the time between denial of the post-conviction petition and the filing of the notice of appeal. *Evans v. Chavis*, 546 U.S. 189, 191-192, 126 S.Ct. 846, 849 (2006).

The Supreme Court of Arkansas dismissed Petitioner's appeal on October 30, 2008. *Craig v. State*, No. CR 08-500, 2008 WL 4755662 (October 30, 2008). The Arkansas Supreme Court's decision is the final resolution to the State post-conviction process.

Petitioner filed this federal petition, allowing him the benefit of the prison mailbox rule, on November 6, 2009. Petitioner allowed 371 days to elapse after the Arkansas Supreme Court's October 30, 2008 decision before filing the current petition on November 6, 2009. Petitioner had already used thirty-three days of the limitation period (the time between the issuance of the mandate in Petitioner's direct appeal and the filing of his Rule 37 post-conviction petition). Accounting for statutory tolling, 404 days passed before Petitioner filed the current federal petition. Accordingly, Petitioner's claims are barred by the one-year statute of limitations unless he is entitled to equitable tolling.

B.     *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling.  *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008).  A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *Id.* (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

Equitable tolling affords an "exceedingly narrow window of relief." *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)).  The Eighth Circuit has held that pro se status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the limitations period are inadequate grounds to warrant equitable tolling.  See *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

Petitioner did not file a reply to address the statute of limitations bar raised by Respondent, and nothing in his petition provides a basis for equitable tolling.  Petitioner failed to show that he diligently pursued his rights after the denial of state post-conviction relief.  Furthermore, Petitioner has not provided evidence of an extraordinary circumstance sufficient for this Court to equitably toll the statute of limitations.  Accordingly, Petitioner is not entitled to equitable tolling.

## III. Conclusion

Petitioner's claims for habeas relief are barred by the one-year limitations period set out in 28 U.S.C. § 2244(d). Accordingly, Johnny Lee Craig's Petition for Writ of Habeas Corpus (#2) is DISMISSED with prejudice.

IT IS SO ORDERED this 27th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE